**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4478

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY CURRY, a/k/a Ace,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. W. Craig Broadwater, District Judge. (CR-02-35)

Submitted: January 23, 2006          Decided: February 7, 2006

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

John J. Pizzuti, MCCAMIC, SACCO & PIZZUTI, PLLC, Wheeling, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Curry appeals from his conviction and 360-month sentence imposed following his guilty plea to one count of distribution of crack cocaine. On appeal, he challenges the district court's denial of his motion to withdraw his guilty plea. He also asserts that the district court did not allow him to challenge relevant conduct at sentencing, and he attempts to raise claims under Blakely v. Washington, 542 U.S. 296 (2004). We affirm Curry's conviction and dismiss his appeal of his sentence, as he waived the right to challenge his sentence in his plea agreement.

The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. Id. The central question is whether the Fed. R. Crim. P. 11 hearing was properly conducted. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995).

This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). We have reviewed the Rule 11

colloquy and the record in light of the relevant factors, see Moore, 931 F.2d at 248, and we find no abuse of discretion by the district court in denying Curry's motion to withdraw his guilty plea. Thus, we affirm Curry's conviction.

Turning to Curry's challenges to his sentence, we note that Curry waived the right to "appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground." Whether a defendant has effectively waived the right to appeal is an issue of law we review de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). An appeal waiver is valid if the defendant knowingly and intelligently agreed to waive his right to appeal. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005).

Our review of the record reveals that the district court conducted an adequate Rule 11 plea colloquy. The court questioned Curry regarding the appeal waiver, and he stated that he understood the waiver. Curry presents no basis to suggest that the appeal waiver was not knowingly and intelligently made. Moreover, the subsequent issuance of Blakely and its progeny does not invalidate an otherwise valid waiver. Id. at 173 (upholding waiver, because Blick was sentenced under the guidelines, in accordance with his agreement and his expectations). Accordingly, Curry's attempts to challenge his sentence on appeal are foreclosed by the waiver provisions in his plea agreement.

Based on the foregoing, we affirm Curry's conviction.  We dismiss his appeal from his sentence based on his waiver.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART